York, Duly Selected as a Site for School Purposes According to Law.— Motion to direct payment of award granted. Order signed. Present — Kapper, Hagarty, Seeger, Carswell and Scudder, JJ.

In the Matter of the Application of GUSTAF E. DRAKE for Admission to the Bar. (From the State of Minnesota.) — Application granted. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Application of JAMIL B. HOLWAY for Admission to the Bar. (From the State of Texas.) — Application granted. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

In the Matter of EMIL KATZKA, an Attorney.— Motion for reargument granted and upon reargument matter referred to Hon. Abel E. Blackmar, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Estate of BEDELL D. RAYNOR, Deceased. MARGARET A. HICKS, Individually and as Executrix of ELMIRA A. RAYNOR, Deceased, and Others, Appellants; ELLEN F. STEIHLER and CHARLOTTE RAYNOR, Respondents.— Motion for leave to appeal to the Court of Appeals granted. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ. Settle order on notice.

In the Matter of the Estate of BEDELL D. RAYNOR, Deceased. MARGARET A. HICKS, Individually and as Executrix of ELMIRA A. RAYNOR, Deceased, and Others, Appellants; ELLEN F. STEIHLER and CHARLOTTE RAYNOR, Respondents.— Motion for reargument denied. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

In the Matter of MORTIMER J. WOHL, an Attorney.— For a period of three years, 1923 to 1926, respondent had several men in his employ, procuring negligence cases for him. One of them at least, for a part of this time, procured a number of cases, and, in addition to a salary, received a share of respondent's fees. Respondent voluntarily discontinued the " negligence business " in 1926. At that time the agitation for the suppression of " ambulance chasing " had not commenced. The official referee recommends a thirty-day suspension or a censure, favoring the latter. The court is mindful of the fact that respondent voluntarily discontinued the practice of engaging laymen to procure cases for him and dividing fees; that there had been no charges of improper conduct in connection with the handling of cases; that he is a veteran of the late war and active in post-war activities and other community affairs, and that he was fair and frank in his statements before Mr. Justice Faber and the official referee, yet the court may not overlook the fact that he knowingly violated the provisions of law █ which prohibit an attorney from paying a valuable consideration to a person other than a lawyer as an inducement for placing in the attorney's hands a demand of any kind for the purpose of bringing an action thereon. The decision of the court is that respondent be censured, and such censure is hereby administered. Present — Lazansky, P. J., Kapper, Seeger, Carswell and Scudder, JJ.

MORELITE SERVICE STATIONS, INC., and MARTIN ZOLINSKY, Doing Business under the Firm Name and Style of HYZOL SALES COMPANY, Respondents, v. ALBERT GOLDMAN, as Commissioner of Plant and Structures of the City of New York, and GROVER A. WHALEN, as Police Commissioner of the City of New York,